**DUSHYANT KURUWA, Plaintiff–Counter–Defendant–Appellant,**

v.

**TURNER CONSTRUCTION COMPANY, Defendant–Counter–Claimant–Appellee.**

No. 15–765.

United States Court of Appeals, Second Circuit.

March 29, 2016.

Dushyant Kuruwa, pro se, Port Washington, NY, for Appellant.

Gregory Robert Begg, Peckar & Abramson, P.C., River Edge, NJ, for Appellee.

PRESENT: DENNIS JACOBS, PETER W. HALL, Circuit Judges and

DENISE COTE,* District Judge.

## SUMMARY ORDER

Dushyant Kuruwa appeals from the judgment of the United States District Court for the Southern District of New York (Castel, *J.*), confirming an arbitral award in favor of Turner Construction Company. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review a district court's decision to confirm an arbitration award *de novo* to the extent it turns on legal questions, and we review any findings of fact for clear error." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir.2003). "It is well established that courts must grant an arbitration panel's decision great deference. A party petitioning a federal court to vacate an arbitral award bears the heavy burden of showing that the award falls within a vary narrow set of circumstances delineated by statute and case law.... all of which involve corruption, fraud, or some other impropriety on the part of the arbitrators." *Id.* Additionally, "we permit vacatur of an arbitral award that exhibits a 'manifest disregard of law.'" *Id.* (quoting *Goldman v. Architectural Iron Co.*, 306 F.3d 1214, 1216 (2d Cir.2002)). "Our review under the doctrine of manifest disregard is 'severely limited.' It is highly deferential to the arbitral award and obtaining judicial relief for arbitrators' manifest disregard of the law is rare." *Id.* 389 (quoting *Gov't of India v. Cargill Inc.*, 867 F.2d 130, 133 (2d Cir. 1989)).

None of Kuruwa's arguments satisfy this exacting standard.

---

* The Honorable Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

For the foregoing reasons, and finding no merit in Kuruwa's other arguments, we hereby **AFFIRM** the judgment of the district court.